UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:15-CR-42-1-TLS-SLC |
| | 1:20-CV-98-TLS |
| FREDDIE L. CHURCH, JR. | |

**OPINION AND ORDER**

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 347], filed by Defendant Freddie L. Church, Jr. on February 28, 2020. The Defendant is serving a sentence for attempting to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) and (b) and for carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The Defendant now seeks to vacate his conviction and sentence under § 924(c) based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

However, the Defendant previously filed a Motion for Relief Under 28 U.S.C. § 2255 [ECF No. 322], which the Court denied on April 17, 2019 [ECF No. 338], and declined to issue a certificate of appealability. As a result, the Defendant's instant Motion to Vacate is a second or successive motion. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). "Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition." *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) (citing *Burton v. Stewart*, 549 U.S. 147, 152–53, (2007)); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007) (holding that, unless the defendant "seeks and obtains permission from the court of appeals to file [a second or successive] motion, the district court is without jurisdiction to entertain his request" (citing *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)). Here, it does not appear that the

Defendant has obtained permission from the Court of Appeals to file this successive petition, and thus, this Court cannot review the merits of the Defendant's arguments.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

Because the Defendant has not obtained permission from the Court of Appeals to file a second habeas motion, the Court DISMISSES FOR LACK OF JURISDICTION the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 347].

SO ORDERED on February 25, 2021.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT